NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR HUGO LEIVA, | |
| Plaintiff, | Civil Action No. 11-00629 (CCC) |
| v. | |
| | OPINION |
| SECRETARY OF DEPARTMENT OF HOMELAND SECURITY, ET AL., | |
| Defendants. | |

**CECCHI**, District Judge.

This matter comes before the Court on motion of Defendants, Secretary of Department of Homeland Security ("DHS") et al., to dismiss Plaintiff's Petition for Review of the Administrative Denial of Application for Naturalization ("Petition"), pursuant to 12(b)(2), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 11, Mot. to Dismiss.) Plaintiff opposes dismissal and files a Cross-Motion To Extend Time To Perfect Service. (Doc. No. 16, Pl. Opp.) The motion is decided without oral argument. Fed. R. Civ. P. 78(b). Having considered the parties' submissions, the Court, for the following reasons, DENIES the Defendants' Motion to Dismiss and GRANTS Plaintiff's request for an extension of time to perfect service.

## II. BACKGROUND

### A. Plaintiff's Application for Naturalization

On or about February 3, 2011, Plaintiff Victor Hugo Leiva filed a Petition for Review of the Administrative Denial of Application for Naturalization pursuant to 8 U.S.C. § 1421(c). (Doc. No. 1, Petition, hereinafter "Pet.")

Plaintiff was born on March 8, 1958 and is a native and citizen of Guatemala. (Doc. No. 1, Pet. ¶ 6.) Plaintiff has been a Lawful Permanent Resident since June 3, 1996. (Doc. No. 16-1, Leiva Aff. ¶ 1.) For the past twelve years, Plaintiff has worked in New Jersey as a machine operator for the same employer. (*Id.*) Plaintiff was once married to a U.S. citizen. (Pet. ¶ 12.) Plaintiff and his wife divorced on April 12, 2000. (*Id.* ¶ 13.) Plaintiff has two U.S. citizen children who he currently supports. (*Id.*; Doc. No. 16-1, Leiva Aff. ¶ 12.)

On June 29, 2009 Plaintiff filed an Application for Naturalization with the United States Citizenship and Immigration Services ("USCIS"). (Doc. No. 1, Pet. ¶ 8.) USCIS denied the Plaintiff's Application for Naturalization on April 19, 2010. (Doc. No. 1-1 at 3.) On Plaintiff's administrative appeal, USCIS upheld the denial on November 3, 2010. (Doc. No. 1-1.) USCIS upheld the denial based on a determination of insufficient moral character stemming from Plaintiff's having pled guilty on October 17, 2003 to a violation of NJ statute 2C:24-4, Endangering the Welfare of Children. (*Id.* at 2-3.) This charge carries potential immigration consequences as a conviction for crimes against children under Section 237(a)(2)(E) of the Immigration and Nationality Act (INA). (*Id.* at 1.) The incident leading to Plaintiff's plea of guilty involved Plaintiff's viewing of a pornographic film in the company of two minors. (*Id.* at 2.) Plaintiff contends that the minors were trespassing in Plaintiff's home at the time. (Doc. No. 1, Pet. ¶ 14; Doc. No. 16-1, Leiva Aff. ¶ 2.) In explaining why the agency denied Plaintiff's

application for naturalization, USCIS cites Plaintiff's failure to take sufficient responsibility and demonstrate remorse for this incident in light of the factual record. (Doc. No. 1-1 at 2.)

The Department of Homeland Security ("DHS") issued a Notice to Appear, dated March 23, 2011, initiating removal proceedings against Plaintiff. (Doc No. 11-2, Defs.' Br. Ex. A.) DHS charges that removal is proper because Plaintiff's conviction under NJ Statute 2C:24-4 constitutes a crime involving moral turpitude in violation of INA § 237(a)(2)(A)(i) and a crime against children in violation of INA § 237(a)(2)(E)(i). (*Id.*)

**B. Service of Process**

The facts relating to Plaintiff's service of process on Defendants are as follows. Defendant USCIS was served with a summons and petition on May 17, 2011 by the Burlington County Sheriff, and on "May 32, 2011" [*sic*] by the Essex County Sheriff. (Doc No. 16-1 at 6, Kuhn Aff., ¶ 12.) On July 28, 2011 the U.S. Attorney informed Plaintiff that the service on USCIS was defective for lack of signature by the clerk and an error in the civil action number. (*Id.* ¶ 13.) Plaintiff corrected the errors upon notice and timely served USCIS on August 10, 2011 through the Burlington County Sherriff. (*Id.* ¶ 14.)

Plaintiff's attorney mailed a copy of the summons and petition to the United States Attorney on February 10, 2011 by regular mail. (*Id.* ¶ 11.) Plaintiff's attorney admits that he failed to send a copy of the summons and petition by certified or registered mail to the US Attorney. (*Id.* ¶ 17.) Plaintiff also did not timely send a copy of the summons and petition to the Attorney General by regular, registered or certified mail. (Doc. No. 16, Pl. Opp'n Br., 14). Plaintiff's attorney states that these failures were an "oversight" due to obligations relating to the presentation of a paper at a conference at Moscow University on August 24, 2011. (*Id.*) On

September 29, 2011, Plaintiff sent copies of the summons and petition to the US Attorney and the US Attorney General by certified mail. (Doc No. 16, Pl. Opp'n Br., 11)

### III. DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

#### A. Legal Standard

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny,* 515 F.3d 224, 234 (3d Cir.2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Furthermore, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion [s]' devoid of 'further factual enhancement.' " *Iqbal,* 129 S.Ct. at 1949.

The burden of proof for showing that no claim has been stated is on the moving party. *Hedges v. U.S.,* 404 F.3d 744, 750 (3d Cir.2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir.1991)). During a court's threshold review, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Rockefeller Ctr. Props., Inc.,* 311 F.3d 198, 215 (3d Cir.2002).

**B. The District Court's Jurisdiction Under 8 U.S.C. § 1421(c)**

The question of law before the Court is whether 8 U.S.C. § 1429 operates to divest the district court of the judicial review power granted by § 1421(c) while removal proceedings are pending against an applicant for naturalization. § 1421(c) provides that a person whose application for naturalization has been administratively denied is entitled to judicial review before the United States District Court. § 1429 states that "no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding…" 8 U.S.C. § 1429. While Federal Courts remain divided on this issue, the Third Circuit has recently decided that district courts retain jurisdiction and the ability to provide effective relief by way of declaratory judgment despite the pendency of removal proceedings. *Gonzalez v. Sec. Dept. Homeland Security,* 2012 WL 898609 at *3-5 (C.A.3 (N.J.) Mar. 19, 2012).

Defendants' argue that § 1429 prohibits the district court from granting effective relief to an applicant for naturalization seeking judicial review pursuant to § 1421(c) where removal proceedings are pending against the applicant. (Doc. No. 11-1, Defs.' Br. at 10-14.) Defendants rely on the Sixth Circuit's holding in *Zayed v. United States,* 368 F.3d 902, 906 (6th Cir.2004) (holding that "[T]he restraints that § 1429 imposes upon the Attorney General prevent a district court from granting effective relief under § 1421(c) so long as removal proceedings are pending."). The court's reasoning in *Zayed* flows from § 1421(a), which names the Attorney General as the "sole authority to naturalize persons as citizens of the United States." *Id.* The court concludes from the text of § 1421(a) that a district court conducting judicial review under § 1421(c) only has the power to grant relief by issuing a court order requiring the Attorney General to naturalize the applicant. *Id.* Consequently, since § 1429 "bars the use of [the Attorney

General's] power while removal proceedings are pending," the district court may not order the Attorney General to naturalize the applicant. *Id.* Relying on the *Zayed* interpretation, Defendants contend that the Petition must be dismissed for "failure to state a claim upon which relief can be granted" pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

A recent Third Circuit decision rejects Defendants' position, holding that a district court may conduct judicial review under § 1421(c) and grant effective relief in the form of a declaratory judgment on the lawfulness of a denial of naturalization despite the pendency of removal proceedings. *Gonzalez v. Sec. Dept. Homeland Security,* 2012 WL 898609 at *2 (C.A.3 (N.J.) Mar. 19, 2012). The court agreed with the Sixth Circuit that a district court cannot order the Attorney General to naturalize an applicant against whom removal proceedings are pending, but concluded that declaratory relief would be both "appropriate and sufficient" to constitute effective relief. *Id.* at *5 ("Declaratory relief, in the form of a judgment regarding the lawfulness of the denial of naturalization, permits the alien a day in court, as required by § 1421(c), while not upsetting the priority of removal over naturalization established by § 1429 because it affects the record for—but not the priority of—removal proceedings, thereby preserving both congressionally mandated goals, a *de novo* review process and the elimination of the race to the courthouse.").

The facts in the instant matter are similar to *Gonzalez* in that the applicant for naturalization seeks judicial review subsequent to a denial on the merits.[1] That is, the grounds of the original denial of naturalization were unrelated to § 1429. Specifically, USCIS denied Plaintiff's application for naturalization on April 19, 2010 and upheld the decision on November 3, 2010 based on a finding of lack of moral character stemming from Plaintiff's conviction under

---

[1] As the Third Circuit discusses in *Gonzalez*, where the original denial occurred pursuant to § 1429 (i.e., due to pendent removal proceedings and *not* on the merits), the district court may not conduct judicial review on the merits. *Gonzalez, v. Sec. Dept. Homeland Security,* 2012 WL 898609 at *3 (C.A.3 (N.J.) Mar. 19, 2012).

Section 237(a)(2)(E). (Doc. No. 1-1 at 2-3.) DHS later initiated removal proceedings against Plaintiff on March 23, 2011. (Doc No. 11-2, Defs.' Br. Ex. A.) Applying the Third Circuit's authoritative holding in *Gonzalez* on this question of law, this Court holds that § 1429 does not prohibit this Court from providing effective relief upon review of Plaintiff's denial of naturalization. Plaintiff is entitled to de novo review under § 1421(c) which may result in a declaratory judgment by this Court. Therefore, Defendants motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is denied.

## IV. DEFENDANTS MOTION TO DISMISS PURSUANT TO 12(B)(2) AND 12(B)(5)

### A. Legal Standard

Defendants also move to dismiss pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure alleging Plaintiff's failure to properly serve process on the Defendants. A party may move to dismiss for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). The party serving process bears the burden of establishing the validity of service. *Jumpp v. Jerkins*, 2010 WL 715678 (DNJ 2010) at *6 (citing *Grand Entm't Group, Ltd. V. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir.1993)).

Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(i) states the requirements for serving the United States and its agencies, corporations, officers, or employees. Under Rule 4(i)(2), the plaintiff must send a copy of the summons and complaint by certified or registered mail to the agency, corporation, officer or employee, and must serve the United States in the manner provided by Rule 4(i)(1). To properly serve the United States under Rule 4(i)(1), the plaintiff must serve the offices of the United States Attorney for the district where the action is brought and the office of the Attorney General of the United States in Washington, D.C.. Fed.R.Civ.Pr. 4(i)(A) and (B).

Rule 4(m) provides that where a plaintiff to a civil action does not complete service within 120 days of filing the complaint, the court must either "dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m); *See also Mathies v. Silver*, 450 Fed.Appx. 219, 221, 2011 WL 5385754 (C.A.3 (N.J.)). The Third Circuit has held that the district court must conduct a two-pronged inquiry to determine whether to grant an extension of time for service. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir.1995). *See also Jumpp v. Jerkins*, 2010 WL 715678, at *6 (D.N.J. March 1, 2010). First, the court must grant an extension of time for service if the plaintiff demonstrates good cause for the failure to serve. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir.1995). If the court finds good cause lacking, it must then ask whether a discretionary extension of time is warranted notwithstanding the absence of good cause. *Id.; See also Mathies v. Silver*, 450 Fed.Appx. 219, 221, 2011 WL 5385754 (C.A.3 (N.J.)).

As to the first prong, whether good cause exists, "the court's primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F. 3d 1086, 1097 (3d Cir. 1995). The plaintiff must demonstrate good faith and " ' some reasonable basis for noncompliance within the time specified in the rules.' " *Id.* (quoting *Petrucelli*, 46 F.3d at 1312). In order to show good cause, a plaintiff must demonstrate that he exercised diligence in trying to effect service. *See Himmelreich v. U.S.*, 285 Fed. Appx. 5, 7 (3d Cir.2008) (citing *Bachenski v. Malnati*, 11 F.3d 1371, 1376-77 (7th Cir.1993)). Some factors a court may examine in determining whether good cause exists include (1) the reasonableness of the plaintiff's efforts to serve, (2) prejudice to a defendant from untimely service, and (3) whether the plaintiff moved for an enlargement of the time to serve.

*See MCI Telecomms.,* 71 F. 3d at 1097 (citing *United States v. Nuttall,* 122 F.R.D. 163, 166-67 (D.Del.1988)).

As to the second prong, the discretionary inquiry, the court "may consider and balance several factors including (1) actual notice of the action, (2) prejudice to the defendant, (3) statute of limitations, (4) conduct of the defendant, (5) whether the plaintiff is represented by counsel, and 6) any other relevant factor." *Jumpp v. Jerkins,* 2010 WL 715678, at *6 (D.N.J. March 1, 2010) (citing *Chiang v. U.S. Small Bus. Admin.,* 331 Fed. Appx. 113, 116 (3d Cir.2009). The plaintiff "bears the burden of demonstrating to the court why it should exercise its discretion." *Jumpp v. Jerkins,* 2010 WL 715678, at *6 (D.N.J. March 1, 2010) (citing *Cf. McCurdy v. Am. Bd. of Plastic Surgery,* 157 F.3d 191, 196 (3d Cir.1998). In deciding whether to extend time for service under Rule 4(m), the district court has "wide discretion." *Gonzalez v. Thomas Built Buses,* 268 F.R.D. 521, 528 (M.D. Pa.2010). In addition, the Third Circuit has expressed its preference that cases be decided on the merits, rather than by procedural technicalities. *Hritz v. Woma Corp.,* 732 F.2d 1178, 1181 (3d Cir.1984).

**B. Discussion of Whether To Grant An Extension of Time To Perfect Service**

Here, it is undisputed that Plaintiff failed to follow the requirements of Rule 4(i) within the 120-day time limit set forth in Rule 4(m). Plaintiff violated Rule 4(i) by failing to timely send a copy of the summons and petition via certified or registered mail to both the U.S. Attorney for the District of New Jersey and the Attorney General of the United States. (Doc. No. 16, Pl. Opp. Br. at 14). Plaintiff sent a copy of the summons and petition by *regular* mail to the U.S. Attorney within the prescribed time, and therefore argues that actual notice was provided to the U.S. government. (Doc No. 16-1, Kuhn Aff, ¶ 11.) Upon realizing the oversight, Plaintiff properly sent a copy of the summons and petition to both the U.S. Attorney and Attorney

General of the United States by certified mail on September 29, 2011. (Doc No. 16, Pl. Opp. Br. at 11.) More than 120 days had passed from the filing of the complaint on February 3, 2011. (Doc. No. 1, Compl.) Therefore, the Court proceeds to the two-pronged inquiry set forth by the Third Circuit.

As to the first inquiry, the Court finds that the relevant factors weigh against a finding of good cause and a mandatory extension for time of service. Plaintiff's attorney states only that the failure to properly serve the U.S. Attorney and Attorney General was the result of an "oversight" due to the attorney's other scholarly obligations at the time. (Doc No. 16, Pl. Opp. Br. at 11.) This explanation does not support a showing of diligence or reasonable efforts to serve as required by the first of the *MCI Telecomms.* factors. *MCI Telecomms.*, 71 F. 3d at 1097. Applying the second factor to this case, the Court notes that Defendants have not alleged any prejudice as a result of the untimely service. Finally, the third factor, whether the plaintiff moved for an extension of time, weighs against Plaintiff in this case. That is, Plaintiff's attorney should have, but did not, request an extension of time while apparently facing duress from competing scholarly obligations. For these reasons, the Court finds that Plaintiff has not demonstrated good cause for the failure to effect proper service on Defendants.

Regarding the second inquiry, the Court finds that the factors outlined by the Third Circuit in *Chiang* weigh in favor of a discretionary extension of time to serve process in this case. The first factor is whether or not defendants received actual notice of action. Here, the record indicates that the Plaintiff timely mailed a copy of the summons and petition by regular mail to the U.S. Attorney, but failed to mail a copy to the Attorney General. Plaintiff contends that his mailing constitutes actual notice upon the U.S. Government, but the record is lacking as to whether this is actually the case. As to the second factor, prejudice to the defendant,

Defendants have not alleged any prejudice arising from late or lack of notice in this matter. The second factor, therefore, weighs in favor of an extension. The third factor, statute of limitations, weighs heavily in favor of Plaintiff. Pursuant to 8 CFR § 336.9, an applicant for naturalization must file a petition for review in the United States District Court within 120 days after the USCIS final determination. In the instant matter, USCIS issued its final denial of Plaintiff's application for naturalization on November 3, 2010. (Doc. No. 1-1, Compl. Ex. A at 3.) Therefore, the statute of limitations has passed and dismissal of this Petition would be fatal to Plaintiff's request for judicial review. The fourth factor, defendant's conduct, does not sway the analysis either way in this case, as there is no allegation that Defendants evaded service in any way. Finally, the fifth stated factor, whether Plaintiff is represented by counsel, weighs in favor of an extension to the extent counsel has attempted to cure the service deficiencies.

This Court, mindful of the Third Circuit's preference that cases be decided on the merits, and giving due consideration to the above factors, finds that a discretionary extension of time to perfect service is warranted in this case. The Court denies Defendants' Motion to Dismiss pursuant to Rules 12(b)(2) and 12(b)(5).

## V. CONCLUSION

For the reasons elaborated above, the Court DENIES Defendants' Motion to Dismiss and GRANTS Plaintiff's Cross-Motion To Extend Time To Perfect Service.

Dated: April 10, 2012

HON. CLAIRE C. CECCHI
United States District Judge